UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUEI SHEN,<br><br>  Plaintiff,<br><br>v.<br><br>EVER PROSPEROUS REALTY INC. et al.,<br><br>  Defendants. | Case No. 2:25-cv-06453-SB-MAA<br><br>ORDER TO SHOW CAUSE RE SANCTIONS AND NOTICE RE ELECTRONIC FILING |

  Defendant Ever Prosperous Realty Inc. (EPR), which is represented by attorney Ruochen Liu, removed this case on July 15 without addressing whether other defendants consented to the removal. The docket sheet lists numerous other defendants, although it is unclear how many of them have been served or appeared. Together with Plaintiff and Defendants Ed Castillo and Vin Cascio—all of whom are representing themselves—Ms. Liu, on behalf of EPR, filed a joint Rule 26(f) report. Dkt. No. 10. Separately, Defendant JPMorgan Chase Bank, N.A., which is represented, filed a report on behalf of itself and three defendants—Paul, Victor, and Laura Hazen—who are apparently represented by Elise Balgley, an attorney who has not yet appeared on the docket. Dkt. No. 11. That report stated that JPMorgan Chase and the Hazens did not consent to removal and intended to move for remand.

  The court ordered the parties to "meet and confer in person or by videoconference and attempt to reach agreement on whether the case should be remanded" and by August 11, to file "either (1) a stipulation to remand or (2) a joint report on their meet and confer, together with a motion to remand filed by those defendants who wish to remand." Dkt. No. 12. The order was delivered electronically to Ms. Liu for EPR and by mail to Plaintiff—the only two parties whose contact information was on the docket at the time. It is unclear whether any

1

other parties received notice of the order, although Ms. Liu should have promptly discussed it with them to be able to comply with the order to meet and confer. Plaintiff voluntarily dismissed JPMorgan Chase Bank two days later, and the parties did not file either a stipulation to remand or a joint report by the August 11 deadline (or thereafter).

Accordingly, Ms. Liu—the only counsel who had immediate notice of the court's order—is ordered to show cause in writing by August 14 why she and EPR should not be sanctioned under Rule 16(f) and the court's inherent authority for violating the court's order to file either a stipulation to remand or a joint report by August 11.  In her response, Ms. Liu shall (1) explain in detail her efforts to comply with the order, (2) state whether she has ever been the subject of an order to show cause or sanctioned for failing to follow any court rule or order, and (3) explain why her representation of EPR is proper after having represented Plaintiff in the same action (which the court previously ordered her to address by September 2 if the case was not remanded).  To the extent they have not already done so, the parties shall meet and confer and file their overdue stipulation to remand or joint report (along with any motions to remand) no later than August 14.[1]

Because Ms. Liu is the only counsel presently receiving electronic notice of the court's orders, the clerk's office shall send a copy of this order to the email addresses that have been provided in connection with the joint reports: ebalgley@3Blawfirm.com, KueiShenDr@yahoo.com, and EdCastilloLegal@gmail.com.  Ms. Liu is additionally ordered promptly to provide a copy to all pro se parties and all counsel of whom she is aware.

The following instructions apply to those parties who are representing themselves in this matter:

Although you are not represented by counsel, you are nonetheless required to comply with the court's orders, the Local Rules, and the Federal Rules of Civil Procedure.  *See* C.D. Cal. L.R. 83-2.2.3.  The Local Rules are available on this court's website at https://www.cacd.uscourts.gov/court-procedures/local-rules.  When filing any document, you must comply with the applicable Local Rules,

---

[1] If the case is not remanded, the parties must still "file by September 2, 2025, a joint Rule 26(f) report that is joined by all appearing parties and fully complies with the Court's instructions at Dkt. No. 8" and appear for the in-person mandatory scheduling conference on September 12.  Dkt. No. 12.

including Local Rule 5-4 (which provides detailed filing requirements) and Local Rule 5.2-1 (which requires redaction of certain private information).

Local Rule 5-4.1.1 allows you to request permission to use the CM/ECF System to electronically file documents by submitting a one-page application form available at https://www.cacd.uscourts.gov/forms/application-permission-electronic-filing (Form CV-005). The court encourages you to use electronic filing, which avoids the need to visit the courthouse to file papers and allows you to receive court orders immediately.

No later than August 22, 2025, you shall file either (1) an application for electronic filing permission or (2) a notice of an email address where court orders can be sent to you (if you do not wish to e-file documents). If you fail to comply—or fail to provide an accurate email address—you will be deemed to have waived any argument that you lacked notice or timely notice of any court order.

Date: August 12, 2025

                                              Stanley Blumenfeld, Jr.
                                              United States District Judge