UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUEI SHEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EVER PROSPEROUS REALTY INC. et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-06453-SB-MAA<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 16] AND RETAINING JURISDICTION OVER ORDER TO SHOW CAUSE RE SANCTIONS |

　　　　Defendant Ever Prosperous Realty Inc. (EPR) removed this case without addressing whether all defendants who had been properly joined and served consented to the removal, as required by 28 U.S.C. § 1446(b)(2)(A).  Defendants Paul, Victor, and Laura Hazan then moved to remand based on their lack of consent.  Dkt. No. 16.  The motion is set for hearing on September 12, 2025, and EPR's opposition was due August 22.  L.R. 7-9 (opposing papers due 21 days before hearing).  Neither EPR nor any other party has filed an opposition.  *See* L.R. 7-12 (failure to timely file opposition may be deemed consent to the granting of a motion).

　　　　The Court finds this matter suitable for decision without oral argument and vacates the September 12 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.  While the lack of opposition provides an independent basis for granting the motion, remand is also proper based on the procedural defect identified by the Hazans.  It is undisputed that the Hazans were properly joined and served[1] and that they did not consent to removal.  Accordingly, the removal violated § 1446(b)(2)(A).  28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section

---

[1] The notice of removal includes the Hazans' answer filed in state court in September 2024, ten months before EPR removed the case.

1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *see Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) (dismissing appeal because district court's remand for failure to obtain consent of all defendants was based on "a 'defect' in a removal procedure" and therefore unreviewable).  The Hazans' motion to remand—which is timely under 28 U.S.C. § 1447(c)—is therefore granted, and the case is remanded to the Los Angeles County Superior Court.

In light of the remand, the September 12 mandatory scheduling conference and the September 2 deadline for an amended joint Rule 26(f) report are vacated.  The Court retains jurisdiction over its outstanding order to show cause (OSC) why EPR and its counsel should not be sanctioned.  *See Desert Sch. Fed. Credit Union v. Johnson*, 473 F. App'x 804 (9th Cir. 2012) (district court retains jurisdiction to impose sanctions after remand).  The OSC hearing remains set for September 12, but only EPR is required to attend.

Date: August 27, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge